*Ovalle*, 136 F.3d at 1107–08. Instead, the only prejudice he claims is the loss of his ineffective assistance of trial counsel claim, due to *appellate* counsel's failure to raise the issue. In addition, had trial counsel raised a proper challenge, the likelihood is that Spearman would merely have been reindicted by a properly-constituted grand jury. *See Ovalle*, 136 F.3d at 1098 n. 8. Therefore, Spearman has not demonstrated a reasonable probability that the result of the proceeding would have been different.

Accordingly, Spearman's motion to appoint counsel is denied. The district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

*ORDER*

This matter is before the court upon a motion by the respondent to remand this case to the district director for an award of benefits. Upon review of the evidence, respondent now concedes that all the elements of entitlement to benefits have been established.

Accordingly, the decisions of the Benefits Review Board and the administrative law judge are vacated, and this matter is remanded to the district director for an award of benefits, with the date benefits should commence to be determined.

**Della CAIN (Widow of Luther Cain), Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES, Respondent.**

**No. 01–4306.**

United States Court of Appeals, Sixth Circuit.

Aug. 12, 2002.

Before MERRITT, and DAUGHTREY, Circuit Judges; and WEBER, District Judge.*

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.